**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DESSIREY ZOKIRZODA and                                        Case No. 18-cv-11630 (JPO)
MARCOS LAZU,

                Plaintiffs,                **AMENDED COMPLAINT**

   -against-

                                            **Jury Trial Demanded**

ACRI CAFÉ INC. and MUHAMET "MIKE" DEMAJ,

                Defendants.
-----------------------------------------------------------X

      Plaintiffs Dessirey Zokirzoda ("Zokirzoda") and Marcos Lazu ("Lazu") (collectively, "Plaintiffs") allege against Defendant Acri Café Inc. ("Acri Café") and Muhamet "Mike" Demaj ("Demaj") (collectively, "Defendants") upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Zokirzoda was employed as a server at Acri Café from approximately October 2, 2018 to November 30, 2018.  Acri Café paid Zokirzoda $240.00 per week in cash no matter how many hours she worked.  Despite working more than forty hours per week and in excess of ten hours per day, Acre Café failed to pay Zokirzoda minimum wage, overtime or spread of hours.

2. Lazu was employed as a server and bartender at Acri Cafe from approximately October 5, 2018 to November 30, 2018.  Acri Café paid Lazu $240.00 per week in cash no matter how many hours he worked.  Despite working more than forty hours per week and in excess of ten hours per day, Acri Café failed to pay Lazu minimum wage, overtime or spread of hours.

1

3. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

4. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL") that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties for wage notice violations, (5) liquidated damages and (6) attorneys' fees and costs.

5. Lazu also sets forth a claim pursuant to the New York City Human Rights Law ("NYCHRL") for retaliation.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this district and because Defendants' business is located in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Dessirey Zokirzoda ("Zokirzoda") was and is a resident of Bronx County, New York.

10. Plaintiff Marcos Lazu ("Lazu") was and is a resident of Bronx County, New York.

11. Defendant Acri Café Inc. ("Acri Café") was and is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 1315 Commerce Avenue, Bronx New York 10461.

12. At all times relevant times, Acri Café has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

13. Defendant Muhamet "Mike" Demaj ("Demaj"), upon information and belief, was and is a resident of the State of New York.

14. At all times relevant to this action, Demaj was and is the Owner of Acri Café.

15. Demaj exercised control over the employment terms and conditions of the Plaintiffs. Demaj had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiffs. At all times, employees could complain to Demaj directly regarding any of the terms of their employment, and Demaj would have the authority to effect any changes to the quality and terms of employees' employment. Demaj exercised functional control over the business and financial operations of Acri Café.

16. At all relevant times, Acri Café was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

17. At all relevant times, the work performed by the Plaintiffs was directly essential to the business operated by Acri.

**FACTUAL ALLEGATIONS**

<u>Wage Claims for Zokirzoda</u>

18. From approximately October 2, 2018 to November 30, 2018, Zokirzoda was employed by Acri Café.

19. Zokirzoda worked for Acri Café at 1315 Commerce Avenue, Bronx NY 10461.

20. Zokirzoda worked for Acri Café as a server.

21. Demaj hired Zokirzoda at Acri Café.

22. Zokirzoda was a non-exempt employee of Acri Café.

23. Zokirzoda worked six (6) days per week at Acri Café, Tuesday through Sunday (off on Monday).

24. During Zokirzoda's employment with Acri Café, Zokirzoda worked in excess of forty (40) hours per week and ten (10) hours per day.

25. Zokirzoda would work at Acri Café from 11:00 a.m. to close (typically 10:00 p.m. or 11:00 p.m.) on Tuesday, Wednesday, Thursday and Sunday.

26. Zokirzoda would work at Acri Café from 11:00 a.m. to 5:00 a.m. or 6:00 a.m. on Friday and Saturday.

27. Acri Café paid Zokirzoda in cash.

28. Acri Café paid Zokirzoda $240.00 per week.

29. Acri Café failed to provide Zokirzoda a wage notice upon her hire or at any point during her employment.

30. Acri Café failed to pay Zokirzoda at the required minimum wage rate.

31. Although Zokirzoda worked over forty hours per week, Acri Café failed to pay Zokirzoda at the required overtime premium rate.

32. Although Zokirzoda worked daily shifts in excess of ten hours, Acri Café failed to pay Zokirzoda spread of hours pay.

Wage Claims for Lazu

33. From approximately October 5, 2018 to November 30, 2018, Lazu was employed by Acri Café.

34. Lazu worked for Acri Café at 1315 Commerce Avenue, Bronx NY 10461.

35. Lazu worked for Acri Café as a server and bartender.

36. Demaj hired Lazu at Acri Café.

37. Lazu was a non-exempt employee of Acri Café.

38. Lazu worked six (6) days per week at Acri Café, Tuesday through Sunday (off on Monday).

39. During Lazu's employment with Acri Café, Lazu worked in excess of forty (40) hours per week and ten (10) hours per day.

40. Lazu would work at Acri Café from 11:00 a.m. to close (typically 10:00 p.m. or 11:00 p.m.) on Tuesday, Wednesday, Thursday and Sunday.

41. Lazu would work at Acri Café from 11:00 a.m. to 5:00 a.m. or 6:00 a.m. on Friday and Saturday.

42. Acri Café paid Lazu in cash.

43. Acri Café paid Lazu $240.00 per week.

44. Acri Café failed to provide Lazu a wage notice upon his hire or at any point during his employment.

45. Acri Café failed to pay Lazu at the required minimum wage rate.

5

46. Although Lazu worked over forty hours per week, Acri Café failed to pay Lazu at the required overtime premium rate.

47. Although Lazu worked daily shifts in excess of ten hours, Acri Café failed to pay Lazu spread of hours pay.

48. Defendants knowingly and willfully operated their business with a policy of not paying the proper minimum wage.

49. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs.

50. Defendants knowingly and willfully operated their business with a policy of not paying the New York State spread of hours premium to the Plaintiffs.

NYCHRL Retaliation Claim for Lazu

51. Plaintiffs filed the original complaint against Defendants on December 12, 2018.

52. Plaintiffs engaged in protected activity by filing a lawsuit.

53. In retaliation for filing a complaint, Demaj notified the police and filed a report accusing Lazu of stealing alcoholic beverages from Acri Café.

54. Lazu also complained to Demaj about not getting paid overtime while he was still employed by Acri Café.

55. Lazu engaged in protected activity by complaining to Demaj about unpaid overtime.

56. In retaliation, Demaj notified the police and filed a report accusing Lazu of stealing alcoholic beverages from Acri Café.

57. On December 17, 2018, Lazu was arrested.

58. Lazu was originally taken to the NYPD 45th Precinct and was later processed at the NYPD 161st Precinct.

59. On December 18, 2018, the police/DA declined to prosecute Lazu.

60. The police/DA had insufficient evidence to prove that Lazu stole alcoholic beverages from Acri Café.

### FIRST CAUSE OF ACTION
### (FLSA – Minimum Wage)

61. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

62. By failing to pay the correct statutory minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs to suffer loss of wages and interest thereon.  Therefore, Plaintiffs are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### (NYLL – Minimum Wage)

65. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

66. Defendants willfully violated Plaintiffs' rights by failing to pay the correct statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

67. Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs to suffer loss of wages and interest thereon.  Therefore, Plaintiffs are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

68. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

69. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendant has violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

70. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Defendant's failure to pay overtime caused Plaintiffs to suffer loss of wages and interest thereon.  Plaintiffs are entitled to recover from Defendant their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### FOURTH CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

72. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

73. Defendant willfully violated the Plaintiffs rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

74. Defendant's failure to pay overtime premium compensation caused the Plaintiffs to suffer loss of wages and interest thereon.  The Plaintiffs are entitled to recover from the Defendant their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et seq*.

### FIFTH CAUSE OF ACTION
### (NYLL – Unpaid Spread of Hours)

75. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

76. Defendant willfully violated the Plaintiffs rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Plaintiffs worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650 *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

77. Defendant's failure to pay spread of hours compensation caused the Plaintiffs to suffer loss of wages and interest thereon.  The Plaintiffs are entitled to recover from Defendant their unpaid spread of hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq*.

## SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statement)

78. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

79. Defendants have willfully failed to supply the Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deduction; and net wages.

80. Due to the Defendant's violation of the NYLL, the Plaintiffs are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6 §§190 et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post- judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
**(NYCHRL Retaliation Claim for Plaintiff Lazu)**

81. Plaintiff Lazu hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

82. Lazu engaged in protected activity by complaining to Demaj about unpaid overtime during his employment and with the filing of a lawsuit.

83. Defendants retaliated against Lazu by filing a police report accusing Lazu of stealing alcoholic beverages.

84. Lazu was arrested in retaliation for engaging in protected activity.

85. The DA/police declined to prosecute Lazu.

86. As a result of Defendants' retaliatory actions, Lazu has been damaged in an amount to be determined at trial, plus interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, NYLL and supporting regulations;

C. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

D. An award of compensatory damages as a result of Defendants' non-payment of spread of hours pay for shift worked in excess of ten hours pursuant to the NYLL and supporting regulations;

E. An award of damages for as a result of Defendants' failure to provide a wage notice upon Plaintiffs' hire pursuant the NYLL and supporting regulations;

F. An award of liquidated damages as a result of Defendant's willful failure to pay minimum wage, overtime compensation and spread of hours pay pursuant to the FLSA and NYLL;

G. An award of compensatory damages a result of Defendants' retaliatory actions against Plaintiff Lazu pursuant to the NYCHRL;

H. An award of prejudgment and post-judgment interest;

I. An award of costs and expenses of this action together with reasonable attorneys' fees; and

J. Such other relief this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: December 21, 2018
      New York, New York

                                 Respectfully submitted,

                                 **Akin Law Group PLLC**

                                 */s/ Robert D. Salaman*
                                 _____
                                 Robert D. Salaman
                                 45 Broadway, Suite 1420
                                 New York, NY 10006
                                 (212) 825-1400

                                 *Counsel for Plaintiffs*