UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESSIREY ZOKIRZODA and MARCOS LAZU, <br><br> Plaintiffs, <br><br> -v- <br><br> ACRI CAFÉ INC. and MUHAMET DEMAJ, <br><br> Defendants. | 18-CV-11630 (JPO) <br><br> OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

Plaintiffs Dessirey Zokirzoda and Marcos Lazu allege that Defendants Acri Café Inc. and Muhamet "Mike" Demaj failed to pay them minimum and overtime wages, violating both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs have served all Defendants, who have not answered the complaint or otherwise appeared in this action, and certificates of default have been filed as to each Defendant. (Dkt. No. 18.) Plaintiffs now move for default judgment under Federal Rule of Civil Procedure 55(b). (Dkt. No. 20.) For the reasons that follow, the motion is granted.

**I. Background**

Defendants operate a restaurant, Acri Café, at 1315 Commerce Avenue, Bronx, New York. (Dkt. No. 5 ("Compl.") ¶¶ 11–14.) Defendant Demaj owned and controlled Acri Café and had the power to set the wages and hours of its employees. (Compl. ¶¶ 14–15.) Zokirzoda alleges that she was employed by Acri Café to work as a server between October 2, 2018, and November 30, 2018. (Compl. ¶¶ 18, 20; *see also* Dkt. No. 22-1 ("Zokirzoda Aff.") ¶ 2.) Lazu alleges that he was employed there as a server and bartender between October 5, 2018, and November 30, 2018. (Compl. ¶¶ 33, 35; *see also* Dkt. No. 22-2 ("Lazu Aff.") at ¶ 2.) Both

1

Plaintiffs allege that they worked in excess of eighty hours a week each and a spread of hours greater than ten hours a day, six days a week. (Compl. ¶¶ 23–26, 38–41; Zokirzoda Aff. ¶¶ 6–10; Lazu Aff. ¶¶ 6–10.)

Plaintiffs claim that Acri Café never paid them the required minimum wage, overtime compensation (when appropriate), or spread-of-hours compensation. (Compl. ¶¶ 30–32, 45–47.) Instead, they were each paid $240 in cash per week. (Compl. ¶¶ 27–28, 42–43.) Additionally, Defendants never provided Plaintiffs with a wage notice upon hire or at any point during their respective employments. (Compl. ¶¶ 29, 44.)

Plaintiffs filed this action under the FLSA and the NYLL on December 12, 2018, seeking minimum wage and overtime compensation, liquidated damages, and statutory damages. (Dkt. No. 1.) On December 21, 2018, Plaintiffs filed their First Amended Complaint, adding a claim that Defendant Demaj had retaliated against Lazu for filing the instant suit. (Compl. ¶¶ 51–56.)

Despite having been served with the complaint on January 24, 2019, and January 29, 2019, respectively, neither Acri Café nor Demaj has appeared or responded to the complaint. (*See* Dkt. Nos. 11–12.) Plaintiffs moved for default judgment on May 13, 2019. (Dkt. No. 20.)

**II.     Legal Standard**

By failing to answer the complaint, Defendants have conceded Plaintiffs' well-pleaded factual allegations establishing liability. Fed. R. Civ. P. 8(b)(6); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). But because a party in default does not admit conclusions of law, "[i]t is the the plaintiff[s'] burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted." *NorGuard Ins. Co. v. Lopez*, No. 15 Civ. 5032, 2017 WL 354209, at *15 (E.D.N.Y. Jan. 24, 2017) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). Moreover, to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish

damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Education and Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 232 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). District courts have "much discretion" in determining whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (first quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## III. Discussion

The amended complaint asserts the following grounds for liability and seeks damages for each: (1) minimum-wage violations under the FLSA and NYLL; (2) overtime-compensation violations under the FLSA and NYLL; (3) spread-of-hours pay violations under the NYLL; (4) wage-statement violations under the NYLL[1]; and (5) retaliation against Lazu under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* (Compl. at 7–11.) Plaintiffs also seek attorney's fees as the prevailing party in the case. (Dkt No. 21 at 7.)

### A. Allegations in Support of Liability

#### 1. Minimum Wage and Overtime Claims

To state an FLSA minimum wage or overtime claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked hours for which she did not receive minimum or overtime wages. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[T]o survive a motion to dismiss [an FLSA overtime

---

[1] See *infra* section III.A.3 (discussing the apparent discrepancy between the complaint and the motion for default judgment with respect to the NYLL's wage-statement provision).

3

claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours."). The analysis is the same for NYLL wage-and-hour claims, except that plaintiffs need not show a nexus with interstate commerce or a minimum amount of annual sales. *See Alvarez v. Michael Anthony George Constr. Corp.*, 15 F. Supp. 3d 285, 291 (E.D.N.Y. 2014).

Plaintiffs' allegations are sufficient to establish that they were employed by Defendants for FLSA purposes. To determine whether a defendant employed an FLSA plaintiff, courts look to the "economic reality" of a working relationship. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013). Four factors give form to this standard: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 105 (citation omitted). Both Plaintiffs here worked in Defendants' restaurant as a server or bartender. (Compl. ¶¶ 20, 35.) Defendants set their work schedule and rate of pay and retained the power to hire and fire them. (Compl. ¶ 15.) The record does not indicate that Plaintiffs worked independently or that they had any investment in the business.

The complaint also establishes that Plaintiffs are covered by the FLSA. An employee is covered by the FLSA if she is "employed in an enterprise engaged in [interstate] commerce or in the production of goods for [interstate] commerce." 29 U.S.C. §§ 206(a), 207(a)(1). The enterprise must also have at least $500,000 in annual gross sales. *Id*. § 203(s)(1)(A)(ii). Plaintiffs allege that Defendants "engaged in interstate commerce" and earned annual gross sales in excess of $500,000. (Compl. ¶ 12.) They are therefore covered by the FLSA.

Finally, Plaintiffs allege that they did not receive minimum or overtime wages. To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period. *Zhong*, 498 F. Supp. 2d at 629. Similarly, to state an FLSA overtime claim, a plaintiff must allege only that she worked longer than forty hours of compensable time in a workweek, and that she was not properly compensated for that overtime. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F3d 192, 201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). Zokirzoda and Lazu each allege that they worked at least eighty hours per week. (Compl. ¶¶ 25–26, 40–41.) Moreover, they worked from twelve to eighteen hours per day, but received only $40 per day. (Compl. ¶¶ 25–26, 28; 40–41, 43.) Accordingly, Plaintiffs' allegations are sufficient to state a claim for failure to pay minimum and overtime wages in violation of the FLSA.

Plaintiffs' allegations are also sufficient to establish Defendants' liability under the NYLL for minimum and overtime wage violations. To establish employment for NYLL purposes, courts look to the "degree of control exercised by the purported employer, as opposed to the economic reality of the situation." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 923 (S.D.N.Y. 2013) (internal quotation marks omitted) (quoting *Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300, 307 (E.D.N.Y. 2009)). Here, both plaintiffs were on Acri Café's payroll and had fixed schedules set by defendants. They received no fringe benefits and did not "work[] at their own discretion." *Bynog v. Cipriani Grp., Inc.*, 802 N.E.2d 1090, 1093 (N.Y. 2003) (listing five factors relevant to the "degree of control" analysis). Accordingly, Plaintiffs were

Defendants' employees under the NYLL, and their allegations as to Defendants' failure to pay minimum and overtime wages satisfy those elements of their NYLL claims.

### 2. Spread-of-Hours Claims

Plaintiffs further assert that they are due spread-of-hours pay under the NYLL. (Compl. ¶ 77.) They both allege that they worked more than ten hours per day and never received any spread-of-hours pay. (Compl. ¶¶ 32, 47.) These allegations are sufficient to support their spread-of-hours claim under the NYLL. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a).

### 3. Wage Notice Claim

Plaintiffs also seek default judgment on Defendants' failure to furnish a wage notice under NYLL § 195(1). The NYLL requires that an employer "provide his or her employees, in writing in English and" each employee's "primary language . . . , at the time of hiring," a wage notice. N.Y. Lab. Law § 195(1)(a). A wage notice, under NYLL § 195(1), refers to a document containing the rate of pay and basis thereof, allowances claimed by the employer as part of the minimum wage (including tip allowances), the regular pay day designated by the employer, and the name, address, and phone number of the employer. *See id.*

Plaintiffs did not clearly assert a wage notice claim in their amended complaint. Though they did assert a factual basis for a wage notice claim (Compl. ¶¶ 29, 44), and their prayer for relief requests "[a]n award of damages for . . . Defendants' failure to provide a wage notice," there is no mention of a wage notice claim in the section of the complaint listing their causes of action. (Compl. at 7–11.) In lieu of a wage notice claim, the complaint asserts and recites the elements of a wage *statement* claim under a different subsection of the New York Labor Law, section 195(3). (*See* Compl. ¶¶ 78–80.) A wage statement, under the New York Labor Law, is a statement containing the dates of work covered by the payment of wages, the hourly rate of pay, deductions, and other information required under the statute — in common parlance, a paystub.

*See* NYLL § 195(3). Section 195(1) — the section under which the Plaintiffs seek default judgment — and 195(3) — the section which they invoked as their cause of action in the complaint — reach different conduct and trigger different penalties, and the Court cannot grant default judgment on a claim not asserted in Plaintiffs' pleadings.

However, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim," and disavow any requirement of a "technical form." Fed. R. Civ. P. 8(a)(2), (d)(1). Moreover, the Federal Rules require that pleadings be "construed so as to do justice." Fed. R. Civ. P. 8(e). In light of these principles, the Court finds that Plaintiffs' reference to the absence of a wage notice in their factual allegations, paired with their prayer for relief on a wage notice claim, were sufficient to put Defendants on notice of Plaintiffs' wage notice claim, notwithstanding counsel's significant drafting error in the cause-of-action section. Plaintiffs' motion for default judgment is granted as to the claim of failure to provide a wage notice.

### 4. Retaliation Claim

Finally, Lazu alleges that Defendant Demaj retaliated against him by filing a police report against him for stealing alcoholic beverages from Acri Café, resulting in his arrest. (Compl. ¶¶ 51–57.) Lazu asserts a claim for retaliation under NYCHRL § 8-107, which prohibits retaliation by an employer against any person who has "opposed any practice forbidden *under this chapter*" or "filed a complaint . . . in any proceeding *under this chapter*." N.Y.C. Admin. Code § 8-107(7)(i)–(ii) (emphases added). The practices that Lazu opposed in his verbal complaints to Demaj, which are the subject of this suit, have no relationship to Chapter 1 of the NYCHRL, which prohibits*, inter alia*, discrimination based on age, race, national origin, gender, etc. by employers. *See* N.Y.C. Admin. Code § 8-107(1). The retaliation provision of section 8-107 applies only to adverse actions taken by employers that bear some causal connection to activity protected under section 8-107, *i.e.*, opposing discrimination. Thus, plaintiff Lazu has

7

failed to sufficiently allege that Defendants are liable for retaliation under the NYCHRL, and the motion for default judgment is denied as to that claim.

**B.  Evidence in Support of Damages**

Plaintiffs seek minimum and overtime wages under the FLSA and the NYLL, spread-of-hours pay under the NYLL, liquidated damages for wage-and-hour violations under both the FLSA and the NYLL, statutory damages for failure to give wage notices under the NYLL, prejudgment interest, attorney's fees and costs, and an automatic increase of judgment if Defendants fail to pay under the NYLL.  (*See* Dkt. No. 21.)  Default judgment has already been denied as to the retaliation claim.  The Court addresses each remaining request in turn.

**1.  Minimum and Overtime Wages**

Both the FLSA and the NYLL require employers to pay their employees at least the respective federal or state minimum wage for every hour worked.  29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1).  If the state minimum wage exceeds the federal minimum wage, the FLSA requires that employees be paid at the state rate.  29 U.S.C. § 218(a).  Throughout Plaintiffs' employment with Defendants, the New York City minimum cash wage for food-service employees working for employers of ten or fewer employees[2] was $12 per hour — of which up to $4 may be offset by tip credits[3] — which is greater than the federal minimum wage of $7.25 per hour.  *Compare* N.Y. Lab. Law §§ 652(1)(a)(ii), (4), *and* N.Y. Comp. Codes R. & Regs. tit.

---

[2] Plaintiffs have not alleged that Acri Café employed any other employees than the two of them; thus the Court will assume that Defendants qualify as "small employers" for the purposes of the statute.  *See Reyes v. Cafe Cousina Rest. Inc.*, No. 18 Civ. 1873, 2019 WL 5722475, at *9 (S.D.N.Y. Aug. 27, 2019) (collecting cases assuming that defendants are small employers in the absence of contrary allegations), report and recommendation adopted, No. 18 Civ. 1873, 2019 WL 5722109 (S.D.N.Y. Oct. 7, 2019).

[3] The employer must meet certain requirements to avail itself of that credit, such as providing its employees notice of the tip credit.  *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3.

12, § 146-1.3(b)(1)(ii), *with* 29 U.S.C. § 206(a). Plaintiffs are thus entitled to damages calculated on the basis of the New York minimum wage for all hours they worked for Defendants, less the payment they already received.

Additionally, both the FLSA and the NYLL require an employer to pay employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week. *See* 29 U.S.C. §§ 207(a)(1), 215(a)(2); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

Here, Plaintiffs' complaint contains no allegations regarding the absence of a tip notice, and, more tellingly, their damages calculations in their motion for default judgment presumed that Defendants could claim the tip credit (though they used the minimum cash wage figure applicable to a large, rather than small, employer). (*See* Dkt. No. 21 at 4.) Because Plaintiffs' default judgment motion concedes that Defendants properly availed themselves of the tip credit, the Court proceeds with its damages findings on that understanding.

Plaintiffs each allege that they worked for Defendants for approximately 84 hours per week. (Dkt. No. 21 at 2, 3; Zokirzoda Aff. ¶ 10; Lazu Aff. ¶ 10.) Zokirzoda worked from October 2, 2018, to November 30, 2018, or eight weeks and four days. (Dkt. No. 21 at 2, 4.) Lazu worked from October 5, 2018, to November 30, 2018, or eight weeks and one day.[4] (Dkt. No. 21 at 3.) They were both paid $240 per week. (Compl. ¶¶ 28, 43.) Zokirzoda thus received approximately $2,160 in wages, and Lazu approximately $1,920.

---

[4] Plaintiffs inexplicably calculate Lazu's damages based on nine rather than eight weeks worked. (*See* Dkt. No. 21 at 4.) Because the complaint and Lazu's supporting affidavit estimate he worked eight weeks and one day, the Court calculates his damages based on that understanding, taking into account the different number of hours he alleges he worked on different days of the week. Similarly, Plaintiffs calculate Zokirzoda's damages based on nine weeks worked (*see id.*), but the Court calculates her damages based on the eight weeks and four days of work alleged.

9

However, based on the New York City minimum wage and overtime rate, Zokirzoda should have received $2,880 in regular wages (for approximately 360 hours of work at a $12 per hour rate, less the $4 an hour tip credit) and $5,124 in overtime wages (for approximately 366 hours of overtime, at the one-and-a-half times rate of $18 an hour, less the $4 an hour tip credit).[5] Lazu should have received $2,880 in regular wages (for approximately 360 hours of work at a $12 per hour rate, less the $4 an hour tip credit) and $4,620 in overtime wages (for approximately 330 hours of overtime, at the one-and-a-half times rate of $18 an hour, less the $4 an hour tip credit). Therefore, Zokirzoda is owed $5,844 and Lazu $5,580 in unpaid wages and overtime compensation.

### 2. Spread-of-Hours Damages

The NYLL requires employers to pay an employee who works a "spread of hours" in excess of ten hours per day an additional hour of compensation at the basic minimum wage rate, *i.e.*, the minimum wage excluding credits and other allowances. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a). Plaintiffs each allege that they worked more than ten hours a day, six days a week, but Defendants never paid them the extra spread-of-hours compensation. (Compl. ¶¶ 32, 47.) Calculated at the applicable basic minimum wage rate of $12, Zokirzoda is owed $624 and Lazu $588 in spread-of-hours compensation.[6]

---

[5] New York law specifies that the tip credit must be deducted *after* applying the one-and-a-half multiplier for overtime. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. Plaintiffs' submission in support of the motion for default judgment, however, erroneously (and to their own detriment) used a figure seemingly calculated by deducting the tip credit before applying the multiplier. (*See* Dkt. No. 21 at 4 (quoting $12.975, or one-and-a-half times their claimed post-tip-credit minimum wage of $8.65, as the relevant overtime wage).) The Court has disregarded this error and calculated Plaintiffs' overtime wage using the prescribed order of operations.

[6] Plaintiffs' submissions calculate their damages on the spread-of-hours claim differently. Though their math is not entirely clear, they appear to multiply the hours per day each Plaintiff alleges he worked beyond ten by the weeks worked, and then multiplies that number by the

### 3.     Wage Notice Damages

The NYLL requires employers to provide each employee with a notice of her rate of pay at the time of hiring. N.Y. Lab. Law § 195(1)(a). A plaintiff may recover fifty dollars per workday during which the employer continually failed to give this notice, up to a maximum of $5,000. *Id.* § 198(1-b). Zokirzoda alleges she worked for fifty-two days without receiving a wage notice. Lazu alleges that he worked forty-nine days without receiving a wage notice. Accordingly, they are owed $2,600 and $2,450 in statutory penalties, respectively, for the failure to furnish a wage notice.

### 4.     Liquidated Damages

The FLSA and the NYLL each provide for liquidated damages in an amount equal to compensatory damages. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Employees are entitled to liquidated damages unless employers can establish a good-faith defense. 29 U.S.C. § 260; N.Y. Lab. Law § 663(1). Defendants that fail to respond to a motion for default judgment necessarily fail to carry their burden to demonstrate good faith. *See Jaramillo v. Banana King Rest. Corp.*, No. 12 Civ. 5649, 2014 WL 2993450, at *5 (E.D.N.Y. July 2, 2014).

"The law is now settled in this Circuit that a plaintiff cannot simultaneously recover liquidated damages under both the FLSA and the NYLL." *Sai Qin Chen v. E. Mkt. Rest., Inc.*, No. 13 Civ 3902, 2018 WL 340016, at *9 (S.D.N.Y. Jan. 9, 2018) (citing *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (summary order)). Plaintiffs are entitled, however, to "recover under the statute that provides the great[er] relief." *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183, 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017)

---

post-tip-credit minimum wage. (*See* Dkt. No. 21 at 4.) That calculation bears no relation to the spread-of-hours penalty under New York law.

(alteration in original) (quoting *Castillo v. RV Transp., Inc.*, No. 15 Civ. 527, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016)). Because Plaintiffs can recover both unpaid wages and spread-of-hours compensation under the NYLL, the Court calculates their liquidated damages under the NYLL. Zokirzoda has demonstrated that she is entitled to $5,844 in back pay and $624 in unpaid spread-of-hours compensation, and her liquidated damages therefore amount to $6,468. Lazu has demonstrated that he is entitled to $5,580 in back pay and $588 in spread-of-hours compensation; thus, his liquidated damages amount to $6,168.

### 5. Prejudgment Interest

The NYLL provides for an award of prejudgment interest in addition to liquidated damages. N.Y. Lab. Law § 198(1-a). Prejudgment interest is available only for actual damages under the NYLL, not liquidated damages or statutory penalties. *Ortega*, 2017 WL 2634172, at *6. New York's statutory prejudgment interest rate is nine percent per annum. N.Y. C.P.L.R. § 5004. "[W]here damages are 'incurred at various times,' as is the case with unpaid wages over the course of several years, 'interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 Civ. 3061, 2014 WL 2624759, at *5 (quoting N.Y. C.P.L.R. § 5001(b)). That intermediate date is frequently the midpoint of the plaintiff's employment. *Zheng Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ 4193, 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019).

The midpoint of Zokirzoda's employment is October 31, 2018. Excluding liquidated damages and the wage notice penalty, she is owed $5,844 under the NYLL. Thus, she is entitled to statutory prejudgment interest of nine percent per year on this amount from October 31, 2018.

The midpoint of Lazu's employment is November 2, 2018. Excluding liquidated damages and the wage notice penalty, he is owed $5,580 under the NYLL. Thus, he is entitled to statutory prejudgment interest of nine percent per year on this amount from November 2, 2018.

6. **Attorney's Fees and Costs**

Both the FLSA and the NYLL allow a prevailing plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1). "District courts enjoy broad discretion when setting a fee award, but they must clearly and concisely state reasons supporting the award." *Tackie v. Keff Enters. LLC*, No. 14 Civ. 2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). The starting point for determining an award of attorney's fees is the lodestar approach, "which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *Id.* The plaintiff has the burden to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (per curiam) (citation omitted).

Plaintiffs' counsel, Zafer Akin and Robert Salaman, have requested hourly rates of $350 and $300, respectively, for the work performed on this case. (Dkt. No. 22–6.) The Court evaluates the reasonableness of a requested hourly rate by considering "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). Akin's rate is consistent with the market rate in this district, given his experience and position as the founder and managing attorney of his law firm. *See, e.g.*, *Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) ("Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour

13

cases."); *Chen*, 2019 WL 2324567, at *5 (awarding hourly rate of $350 to law firm partner in wage-and-hour case).

However, Salaman's rate is unreasonably high, given the relative simplicity of the issues in the case, his experience, and rates that he has previously been awarded in this district. *See Lora v. Grill on 2nd LLC*, No. 18 Civ. 4949, 2018 WL 5113953, at *1 (S.D.N.Y. Oct. 19, 2018) (awarding Salaman $250 per hour in wage-and-hour default judgment); *Sanchez v. DPC N.Y. Inc.* 381 F. Supp. 3d 245, 252 (S.D.N.Y. 2019) (awarding $200 per hour to attorney admitted to the bar in 2013, who specialized in employment law). Accordingly, the Court reduces Salaman's hourly rate to $250.

Akin and Salaman have provided contemporaneous billing records for 33.2 hours of work. (Dkt. No. 22-6.) The entries appear to be sufficiently clear and detailed. However, the Second Circuit has instructed that courts "take[] account of claimed hours that [they] view[] as excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (internal quotation marks omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Here, the billing records suggest that Salaman spent a combined fourteen hours drafting, editing, reviewing, and processing the complaint and amended complaint. (*See* Dkt. No. 22-6.) Yet the complaint was factually straightforward and similar in form to several other FLSA and NYLL complaints counsel have filed in this district. (Indeed, the serious and obvious drafting error described above, which originated in the first complaint and remained in the amended complaint, appears to have been the result of copying and pasting the wrong prefab cause-of-action language.) Moreover, the billing records reflect ten hours of work drafting, editing, and filing the motion for default judgment and accompanying memorandum of law. Yet virtually every calculation in the memorandum supporting the motion for default judgment was

erroneous.  (*See* Dkt. No. 21 at 3 (quoting the applicable minimum wage rate for food service workers for large rather than small employers, despite the lack of allegations in the complaint about the number of Defendants' employees); Dkt. No. 21 at 4 (using nine weeks as the basis of Lazu's estimates, despite alleging that he worked eight weeks and one day); *id.* (calculating the overtime rate based on the post-tip-credit minimum wage); *id.* (calculating spread-of-hours damages by multiplying the post-tip-credit minimum wage by the number of hours worked each week in excess of ten hours per day); Dkt. No. 21 at 6 (asserting without elaboration that each plaintiff was entitled to the statutory maximum of $5,000 for the wage-notice violation).)  In light of the factual simplicity of the matter, the attorneys' familiarity with the legal issues, and the substantial and repeated errors in the work product, the Court finds that 33.2 hours is excessive.  The Court thus concludes that a deduction of 20% from the time spent on the complaints (from 14 hours to 11.2 hours) and the motion and supporting memorandum for default judgment (from ten hours to eight hours) is reasonable.  The Court thus concludes that Akin and Salaman have performed 1.7 hours and 26.7 hours on this case at hourly rates of $350 and $250 respectively and are entitled to an award of attorney's fees of $7,270.

Plaintiffs' counsel also seeks reimbursement of $400 in court filing fees and $40 for service to the Secretary of State.  (Dkt. No. 21 at 11.)  Counsel have not provided any documentation to support the request for costs.  "However, courts have taken judicial notice of costs reflected on the docket and awarded those costs even when counsel has failed to provide documentation."  *Whitehead v. Mix Unit, LLC*, No. 17 Civ. 9476, 2019 WL 384446, at *6 (S.D.N.Y. Jan. 31, 2019).  Plaintiffs have clearly incurred court filing fees and service fees, as these are "the types of legitimate expenses that would normally be charged to clients."  *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09 Civ. 4602, 2013 WL 6508813, at *4

(S.D.N.Y. Dec. 12, 2013) (internal quotation marks omitted) (quoting *I.L.G.W.U. Nat'l Ret. Fund v. ESI Grp., Inc.*, No. 92 Civ. 0597, 2003 WL 135797, at *4 (S.D.N.Y. Jan. 17, 2003)). Accordingly, the Court awards Plaintiffs' counsel costs of $440.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for default judgment is GRANTED in part and DENIED in part. The Clerk of Court is directed to calculate prejudgment interest on $5,844 for Zokirzoda from October 31, 2018, and $5,580 for Lazu from November 2, 2018, to the date of judgment at a rate of nine percent per annum. The Clerk is directed to enter judgment in favor of Plaintiffs and against Defendants Acri Café Inc. and Muhamet Demaj, jointly and severally, in the amount of $36,820, plus the prejudgment interest described above. The judgment shall include: (1) damages for back pay, unpaid overtime wages, spread-of-hours pay, statutory damages, and liquidated damages under the FLSA and NYLL in the amount of $14,912 for Zokirzoda and $14,198 for Lazu; (2) prejudgment interest on $5,844 for Zokirzoda from October 31, 2018, and $5,580 for Lazu from November 2, 2019, to the date of judgment at a rate of nine percent per annum; (3) attorney's fees of $7,270; and (4) costs of $440.

The Clerk of Court is directed to close the motions at Docket Numbers 20 and 24 and to close this case.

Plaintiff is directed to mail a copy of this Opinion and Order to the defaulting Defendants.

SO ORDERED.

Dated: January 22, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

16