UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DESSIREY ZOKIRZODA and MARCOS LAZU,

                         Plaintiffs,

                  -v-

ACRI CAFÉ, INC. and Muhamet Demaj,

                       Defendants.

18-CV-11630 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      On December 21, 2018, Plaintiffs filed an Amended Complaint against Defendants Acri Café Inc. and Muhamet Demaj alleging wage and hour violations pursuant to the Fair Labor Standards Act, the New York Labor Law, and the New York City Human Rights Law. (ECF No. 5.) On January 22, 2020, the Court granted in part and denied in part Plaintiffs' motion for default judgment, entering a monetary judgment, plus prejudgment interest and fees, against Defendants, jointly and severally. (ECF No. 25.) Following Defendants' continual failure to comply with the Court's post-judgment orders, Plaintiffs have moved to hold both Defendants in contempt. Because Plaintiffs have not complied with Southern District of New York (SDNY) Local Rule 83.6, the motion to hold Defendants in contempt is denied without prejudice to renewal.

      Local Rule 83.6 ("Contempt Proceedings in Civil Cases") states that, where a defendant is not represented by counsel, service of the notice of motion "shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons."

      Plaintiffs served the notice of motion on both Defendants on May 9, 2022 "by depositing a true and correct copy . . . in a postpaid properly addressed wrapper in an official depository

1

under the exclusive care and custody of the United States Post Office department within the State of New York." (ECF No. 39.)  In other words, Plaintiffs served Defendants by mail.

Federal Rule of Civil Procedure 4 sets forth the requirements for service of a summons. Rules 4(e)(1) and 4(h) permit service pursuant to the law of the state in which this Court sits.  In New York, personal service on a corporation is permissible by first class mail with prepaid postage, together with two copies of a statement of service by mail and acknowledgement of receipt, in addition to a return envelope with prepaid postage addressed to the sender.  N.Y. C.P.L.R. § 312-a.  Service on an individual may be accomplished by mail to his last known residence, but only if accompanied by delivery of the summons "within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served."  N.Y. C.P.L.R. § 308.

The Affirmation of Service at ECF Number 39 does not demonstrate compliance with the rules for service set out by § 312-a and § 308.  *See, e.g.*, *Harris ex rel. Beare v. Millington*, No. CV 2007-3391 (TLM) (MDG), 2012 WL 2906017, at *1 (E.D.N.Y. July 16, 2012) (concluding that "[e]ven if the alleged contemnor received actual notice [by mail], Rule 83.6 requires personal service" as set out by New York law).

Further, Local Rule 83.6 requires that the affidavit underlying the notice of motion "set out with particularity . . . the claim, if any, for damages occasioned [by the alleged misconduct] and such evidence as to the amount of damages as may be available to the moving party."  This may include reasonable attorney's fees necessitated by the contempt proceedings.  Plaintiffs are directed to specify the amount of damages and costs they seek, aside from the amounts awarded by the Court in the default judgment entered at ECF No. 26.

The motion for contempt is therefore denied without prejudice to renewal.

Plaintiffs are directed, within thirty days of the date of this Order, to serve both Defendants with its contempt motion papers, including the revised affidavit, in accordance with Local Rule 83.6.  Plaintiffs must also serve Defendants with copies of this Order.

The Clerk of Court is respectfully directed to close the motion at ECF Number 38.

SO ORDERED.

Dated: February 8, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge